**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JEFFREY COHEN,**
                    **Petitioner,**

          **v.**                                    **CIVIL ACTION NO. 3:20-CV-31
                                            (GROH)**

**ROBERT HUDGINS,**
                    **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On February 18, 2020, the *pro se* Petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241.  ECF No. 1.[1]  Petitioner is currently a federal inmate housed at FCI Gilmer, with a projected release date of September 19, 2046. https://www.bop.gov/inmateloc/.  Petitioner is challenging both his sentence and the conditions of his confinement following his conviction in the United States District Court for the District of Maryland, case number 1:14-CR-310.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Part 2.

### II. FACTUAL AND PROCEDURAL HISTORY

### A.        Petitioner's Underlying Conviction[2]

On December 2, 2014, a grand jury returned a third superseding indictment which

---

[1]  ECF Numbers cited herein refer to case number 3:20-CV-31 unless otherwise noted.

[2]  In sections, II.A., II.B. and II.C., all ECF numbers referred to are for case number 1:14-CR-310 from the District of Maryland.

charged Petitioner with: fifteen counts of wire fraud (Counts 1 – 15); five counts of aggravated identity theft (Counts 16 – 20); two counts of money laundering (Counts 21 – 22); four counts of making false statements to insurance regulators (Counts 23 – 27); and four counts of obstruction of justice (Counts 28 – 31).  ECF No. 78.  On June 8, 2015, one week into his jury trial, Petitioner entered a guilty plea to Counts 1 (wire fraud), 20 (aggravated identity theft), 24 (false statements to an insurance regulator) and 28 (obstructing justice).  ECF Nos. 381, 385.

Petitioner filed a motion to withdraw his plea on August 3, 2015, and on September 8, 2015, the court held a hearing and received evidence on the voluntariness of Petitioner's plea.  ECF Nos. 480, 526.  By Order entered September 10, 2015, the court denied Petitioner's motion to withdraw his plea.  ECF No. 526.

On December 10, 2010, the court sentenced Petitioner to a term of imprisonment of: 240 months for Count 1; 180 months for Count 24, to run consecutive to Count 1; 240 months for Count 28 to run concurrent to Counts 1 and 24; and 24 months for Count 20 to run consecutive to Counts 1, 24 and 28, for a total term of 444 months. ECF No. 594.  A judgment of conviction was entered on December 14, 2015.  Id.

### B.    Petitioner's Direct Appeal

Petitioner filed an appeal with the Fourth Circuit in that court's docket number 15-4780, and on April 25, 2018, the Fourth Circuit affirmed in part and dismissed in part the appeal.  United States v. Cohen, 888 F.3d 667 (4th Cir. 2018).  In its published opinion, the Fourth Circuit found that Petitioner, "waived his right to appeal his conviction, and agreed to withdraw all pending motions in the district court, and he explicitly agreed that he knowingly, intentionally, and voluntarily waived his right to attack collaterally the

plea." 888 F.3d at 683 (internal quotations omitted).

### C.    Motions to Vacate under 28 U.S.C § 2255

On January 9, 2018, Petitioner filed a motion to vacate his judgment. ECF No. 675. Subsequently, on May 3, 2018, Petitioner filed a motion to withdraw his motion to vacate, which was granted by order entered May 8, 2018. ECF Nos. 680, 681.

Petitioner filed another motion to vacate on August 27, 2018. ECF No. 685. Petitioner next filed a "First Supplemental Motion to Vacate Judgment" on January 18, 2019. ECF No. 711. Petitioner then filed an amended motion to vacate on April 29, 2019. ECF No. 738. That motion remains pending.

### D.    The Instant Habeas Corpus Proceeding Filed under 28 U.S.C. § 2241[3]

---

[3] The Court notes that Petitioner is a frequent litigant, having filed at least fifteen civil actions seeking various forms of post-conviction relief and alleging various civil rights violations. Those actions include:

In the District of Columbia: 1:18-CV-2760, a civil rights action pursuant to § 1983, filed on November 16, 2018, and transferred to the Northern District of West Virginia on February 26, 2019, in that court's docket 5:19-CV-129.

In the District of Maryland: 1:14-CV-3726, a civil rights action pursuant to § 1983, filed on November 25, 2014, and dismissed on December 5, 2014; 1:14-CV-3996, a civil rights action pursuant to § 1983, filed on December 22, 2014, and dismissed on July 23, 2018; 1:14-CV-4020, a civil rights action pursuant to § 1983, filed on December 23, 2014, and dismissed on August 7, 2018; 1:15-CV-263, a civil rights action pursuant to § 1983, filed on January 29, 2015, and dismissed on July 23, 2018; 1:15-CV-358, a federal question on breach of contract, filed on February 9, 2015, and dismissed on March 30, 2015; 1:15-CV-470, a federal question on civil rights, filed on February 13, 2015, and dismissed on April 2, 2015; 1:15-CV-986, a civil rights action pursuant to § 1983, filed on April 6, 2015, and dismissed on April 15, 2015; 1:16-CV-2943, a civil rights action pursuant to § 1983, filed on August 19, 2016, and dismissed on August 31, 2016; 1:16-CV-3169, a civil rights action pursuant to § 1983, filed on September 14, 2016, and dismissed on October 5, 2016; 1:17-CV-216, a civil rights action pursuant to § 1983, filed on January 24, 2017, and dismissed on August 6, 2018; and 1:18-CV-2476, a civil rights action pursuant to § 1983, filed on August 13, 2018, and dismissed on September 11, 2019.

In the Western District of Pennsylvania: 2:16-CV-661, a federal question suit filed on May 23, 2016 and dismissed on December 29, 2016.

On February 18, 2020, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  The Petitioner alleges four grounds for relief: (1) that his continued custody violates his Fifth Amendment rights based on a stipulation in his plea agreement [ECF No. 1 at 5]; (2) that his continued custody violates his Fifth and Eighth Amendment rights because he has been denied medical care for his foot [Id. at 6]; (3) that his continued custody violates his Eighth Amendment rights because "Def. Hall" has denied Petitioner medically necessary equipment [Id.]; and (4) that his continued custody violates his Eighth Amendment rights because "Def. Wilson" has failed to provide Petitioner adequate medical care [Id.].   Petitioner concedes that ground one has previously been presented to the District Court of Maryland in a § 2255 proceeding which remains pending.   Id. at 7, 9.  For relief, Petitioner requests that he be discharged from custody, that the court "enjoin the further deprivation of medical care" and "compel the required medical care", correct the medical record, that the Court "enjoin further negligent conduct" and provide other relief warranted by the Court.  ECF No. 1 at 8.

On the same date Petitioner filed his petition, he also filed a motion to file excess pages and a 16-page typewritten document titled "Action for Equitable Relief and for

---

In the Northern District of West Virginia: 3:16-CV-172, a civil rights action pursuant to Bivens, filed on December 27, 2016 and dismissed on January 25, 2017; 3:19-CV-52, a civil rights action pursuant to Bivens, filed on April 10, 2019, where a Report and Recommendation was filed on September 25, 2019, and which case remains pending; and 5:19-CV-129, the federal question case transferred from the District of Columbia, filed on March 20, 2019, and dismissed on April 11, 2019.

In addition to the above initial actions, Petitioner has filed multiple corresponding appeals, including, in the Fourth Circuit: 14-4913; 15-1507; 15-4647; 15-4780; 15-6157; 15-6713; 15-6722; 15-6180; 15-6193; 16-7313; 16-7412; 16-7657; 19-1347; 19-6620; and 19-2295.

Damages". ECF No. 2, 2-1. The latter document contains a caption which appears to list as defendants: (1) Robert Hudgins, warden, FCI Gilmer; (2) Alicia Wilson, physician's assistant, FCI Gilmer; (3) Federal Bureau of Prisons; and (4) Dustin Hall, EMT, FCI Hazelton. ECF No. 2-1 at 1.

### III. STANDARD OF REVIEW

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

5

relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under <u>Federal Rule of Civil Procedure 11</u>. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.    Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison

---

[4]   The version of 28 U.S.C. § 1915(d) which was effective when <u>Neitzke</u> was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[5] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[6] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the §

---

[5] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.      The date on which the judgment of conviction becomes final;

    b.      The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    c.      The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    d.      The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[6] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>.  <u>See</u> <u>United States v. Wheeler</u>, 886 F.3d 415, 428 (4th Cir. 2018); <u>In re Jones</u>, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.   The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.   Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.   See Wheeler, 886 F.3d at 423–26.

## IV. ANALYSIS

Although not a model of clarity, the petition appears to assert that Petitioner is entitled to the writ of habeas corpus on the theory that his guilty plea in the District of Maryland violated his Fifth Amendment rights.   ECF No. 1 at 5.   For relief Petitioner seeks release from custody, and to be provided medical care which he claims has been denied him.

A challenge to Petitioner's conviction and sentence is more appropriately considered in the district where Petitioner was convicted.   On April 19, 2019, the Petitioner filed an amended motion to vacate pursuant to 28 U.S.C. § 2255 in the district of Maryland, in the criminal case where he was convicted.   D.Md. 1:14-CR-310, ECF No. 738.   In ground one of the instant § 2241 petition, Petitioner seeks the same relief

that he seeks in that proceeding, vacation of his conviction and sentence.  Petitioner's §

2255 motion remains pending in the District of Maryland.

It has long been recognized in this Circuit that courts should not rule upon issues

when another court already exercises jurisdiction over those same matters.  Aetna Cas.

& Sur. Co. v. Quarles, 92 F.2d 321, 325–26 (4th Cir. 1937) ("The court will refuse [to

rule] where another court has jurisdiction of the issue, where a proceeding involving

identical issues is already pending in another tribunal, where a special statutory remedy

has been provided, or where another remedy will be more effective or appropriate under

the circumstances.")

Accordingly, it is clear from a review of the docket and filings in the District of

Maryland that this court lacks jurisdiction as to ground one, because the matters

addressed and relief sought are already under consideration by the court of conviction,

in the § 2255 proceeding pending in that jurisdiction.  If Petitioner chooses to assert any

claim for vacation of his conviction or sentence which relies on the legal authority cited

herein, it appears to the Court that he may do so in his § 2255 proceedings in the

District of Maryland.

As to the claims raised on grounds two through four, Petitioner has sought relief

pursuant to 28 U.S.C. § 2241 arguing that his conditions of confinement[7] constitute a

violation of his Constitutional rights.    The Supreme Court has held that a civil rights

---

[7]  To the extent that Petitioner attempts to name the BOP and individual "defendants" in
his § 2241 petition, the Court notes that in a § 2241 petition there is only a single respondent.
28 U.S.C. § 2243 provides that, "[t]he writ or order to show cause shall be directed to the person
having custody of the person detained."   Accordingly, any party other than the warden or
custodian of the Petitioner is an improper party in a § 2241 proceeding.

action pursuant to 42 U.S.C. § 1983 or <u>Bivens v. Six Unknown Agents of Federal</u> <u>Bureau of Narcotics</u>, 403 U.S. 388 (1971), "is a proper remedy for a [ ] prisoner who is making a constitutional challenge to the conditions of his prison life." <u>Preiser v.</u> <u>Rodriguez</u>, 411 U.S. 475, 499 (1973). <u>See</u> <u>Braddy v. Wilson</u>, 580 Fed. Appx. 172 (2014). The claims in grounds two through four are just such claims: Petitioner claims that his constitutional rights were violated as a result of the conditions under which he was confined. Accordingly, those claims appear more properly brought in an action pursuant to <u>Bivens</u>, <u>supra</u>, or the Federal Tort Claims Act. As the Petitioner has failed to assert a proper claim for relief under § 2241, this Court is without jurisdiction to consider the matter.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens</u> <u>for a Better Environment</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v.</u> <u>Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petitioner's § 2241 petition be **DENIED and DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District

Judge.   Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:        February 20, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

12