IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JEFFREY COHEN,

        Petitioner,

v.                                CIVIL ACTION NO.: 3:20-cv-31
                                      (GROH)

ROBERT HUDGINS,

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on February 20, 2020. ECF No. 5. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court deny the Petitioner's § 2241 Petition and dismiss the same without prejudice. The Petitioner timely filed objections to the R&R on March 9, 2020. ECF No. 10. Accordingly, the Petition is ripe for review.

### I. BACKGROUND

On February 18, 2020, Jeffrey Cohen ("Petitioner") filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In his petition, the Petitioner argued that his incarceration violates the Fifth and Eighth Amendments and that he has been denied medical care. Magistrate Judge Trumble entered an R&R recommending that the Petitioner's petition be denied and dismissed because the Court lacks jurisdiction as to

1

count one and the remaining counts seek relief not found in § 2241. See ECF No. 16. The Petitioner timely filed his objections on March 9, 2020. ECF No. 10.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. Further, the Petitioner neither objects nor disputes any of the facts presented in the R&R.[1] Therefore, the facts presented in the R&R are adopted and incorporated herein; however, this Court will briefly outline the most relevant facts.

The Petitioner was indicted on 31 counts, including wire fraud, aggravated identify theft, money laundering, making false statements, and obstruction of justice. Subsequently, the Petitioner pleaded guilty to four of these counts before the District Court sitting in the District of Maryland. That Court sentenced Petitioner to a term of 444 months. The Petitioner unsuccessfully appealed his conviction. On January 9, 2018, the Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the District of Maryland. His § 2255 Petition remained pending at the time he filed the instant civil action.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review

---

[1] However, the Petitioner does contend that the R&R misapprehended certain arguments raised in the Petition.

and the Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984).  Pursuant to this Court's local rules, "written objections shall identify each portion of the Magistrate's recommended disposition which is being challenged and shall specify the basis for such objection."  LR PL P 12.2.

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).  "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).  Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review).  Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766.  Pursuant to the Federal Rules of Civil Procedure and this Court's

Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in his objections to the magistrate judge's R&R. Rather, the objections reiterate and attempt to bolster the Petitioner's original filing, which were considered by the magistrate judge when he issued the R&R.[2] To the extent the Petitioner does otherwise, his contentions are misplaced.

For example, the Petitioner states that the "habeas issue here is not a challenge to Cohen's conviction nor sentence, it is a novel issue of whether Cohen's statutory liberty interest of being discharged from prison is being deprived." ECF No. 10 at 2. Regardless of how the Petitioner wishes to characterize his request for relief, this ground is clearly a challenge to the execution of his sentence.

Based upon his objections, it appears that the Petitioner is asking this Court to grant him relief under § 2241 because the District Court reviewing his § 2255 petition is allegedly taking too long. The Petitioner provides no legal support for relief under those circumstances and the Court is unaware of any authority for the Petitioner's requested

---

[2] For example, the Petitioner avers that Magistrate Judge Trumble "did not include the entire Complaint (ECF 2-1) in his screening of this action . . . . ECF No. 10 at 3. However, Magistrate Judge Trumble explicitly discussed the Petitioner's motion to file excess pages on page 4 of his R&R. See ECF No. 10 at 4.

4

relief under § 2241. It is the Petitioner's burden to advance a meritorious argument; not as he suggests, that because he could find no authority otherwise, his petition should be granted. See ECF No. 10 at 4. Furthermore, the Petitioner concedes that "Claim Nos. 3-8 are not habeas related . . . ." ECF No. 10 at 5. As Magistrate Judge Trumble noted, the Petitioner—whose appeal was decided in 2018—has filed at least fifteen different civil actions seeking post-conviction relief or civil rights violations. See ECF No. 5 at 3–4. The Petitioner has similarly filed as many appeals in the Fourth Circuit Court of Appeals.

Finally, the Court addresses the Petitioner's request that the Court not dismiss his action for an "improper caption." ECF No. 10 at 5. The Petitioner is no stranger to post-conviction filings, and a review of the filings in this matter border upon frivolous. Accordingly, the Court finds no good cause to allow the Petitioner to amend or otherwise continue in this Civil Action.

Therefore, as to any arguments not specifically addressed herein, the Court finds that *de novo* review is not required because the Petitioner has failed to make specific objections to the magistrate judge's analysis as found within his R&R.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considered the record and applied the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 5] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

Thus, Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DENIED and DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to **TERMINATE AS MOOT** all pending motions.

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk of Court is further **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* Petitioner.

**DATED**: August 5, 2020

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE